# Exhibit B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DATA PROTECTION SERVICES, LLC,**

      **Plaintiff,**

v.                                                     **Case No: 6:19-cv-978-Orl-41LRH**

**TEFINCOM S.A. and COLLECTIVE 7, INC.,**

      **Defendants.**

                                                     /

**ORDER**

THIS CAUSE is before the Court upon *sua sponte* review. Plaintiff filed this case on May 24, 2019, (Compl., Doc. 1), and then promptly filed an Amended Complaint (Doc. 6). The Amended Complaint improperly alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by insufficiently alleging the citizenship of Plaintiff, a limited liability company, and of Defendant, a Panamanian corporation. Subsequently, this Court issued an Order to Show Cause as to why this case should not be dismissed for failure to adequately allege subject matter jurisdiction. (*See generally* May 31, 2019 Order, Doc. 10).

Plaintiff timely filed a Response (Doc. 11) and a Motion for Leave to File Second Amended Complaint (Doc. 12). The Court granted the Motion despite noting that the Proposed Amended Complaint (Doc. 12-1) still had not adequately alleged jurisdiction. (*See also* June 6, 2019 Order, Doc. 17, at 1; Proposed Am. Compl., Doc. 12-1, ¶ 7 (failing to adequately allege citizenship of Plaintiff's sole member and stating "TorGuard's sole member, Benjamin Van Pelt, is a resident of Seminole County, Florida, and a citizen of the United States of America.")). The Order further warned that failure to adequately allege jurisdiction "shall result in the dismissal of this case

without further notice." (Doc. 17 at 2). "Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiff filed the Second Amended Complaint and, despite the Court's warning, did not change the allegations regarding its citizenship from those in the Proposed Amended Complaint. (*See generally* Second Am. Compl., Doc. 18). For purposes of subject matter jurisdiction in this case, the question is not in which country Plaintiff's sole member has citizenship status, but in which state. Plaintiff has again failed to adequately allege subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, it is **ORDERED** and **ADJUDGED** that the case is **DISMISSED without prejudice**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 19, 2019.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record