**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VPNETWORKS, LLC,

       Plaintiff,

v.                                             Case No: 6:19-cv-1179-Orl-40LRH

COLLECTIVE 7, INC. and TEFINCOM S.A.,

       Defendants.
_____/

## ORDER

This cause comes before the Court on the following:

1. Defendant Tefincom S.A.'s Motion to Dismiss (Doc. 16), filed July 10, 2019;

2. Plaintiff's Response in Opposition to Tefincom S.A.'s Motion to Dismiss (Doc. 21), filed July 23, 2019;

3. Defendant Collective 7, Inc.'s, Motion to Dismiss (Doc. 20), filed July 22, 2019; and

4. Plaintiff's Response in Opposition to Collective 7, Inc.'s, Motion to Dismiss (Doc. 23), filed August 5, 2019.

Upon consideration, the Motions are due to be denied.

**I.      BACKGROUND[1]**

Plaintiff and Defendant Tefincom S.A. d/b/a NordVPN ("**NordVPN**") are competing technology companies in the business of providing Virtual Private Network ("**VPN**") services. (Doc. 1, ¶¶ 14, 17). VPNs allow internet users to communicate privately and securely across shared or public networks. (*Id.* ¶ 14). Defendant Collective 7, Inc. ("**Collective 7**"), is a "host" that offers routing and other services to VPN providers. (*Id.* ¶ 16). Plaintiff contracted with Collective 7 to receive such services. (*Id.*). Pursuant to this relationship, Collective 7 gained access to Plaintiff's "confidential and trade secret information." (*Id.*).

Unbeknownst to Plaintiff, several agents of Collective 7 were also agents of NordVPN. (*Id.* ¶ 30). Moreover, Collective 7's Chief Technology Officer had a "direct relationship" with the owners of NordVPN. (*Id.* ¶ 19). Because of this affiliation, Collective 7 shared Plaintiff's confidential and trade secret information with NordVPN. (*Id.*). [2] In turn, NordVPN threatened Plaintiff with public disclosure. (*Id.* ¶ 20).

Plaintiff also alleges that NordVPN used the information obtained by Collective 7 to execute multiple Distributed Denial of Service ("**DDoS**") attacks against Plaintiff's web-based services. (*Id.* ¶ 39).[3] A DDoS attack floods a website or internet service with

---

[1]   This account of the facts comes from Plaintiff's Complaint. (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

[2]   Plaintiff concludes from the "nature and content" of the information that NordVPN must have obtained such information from Collective 7. (Doc. 1 ¶ 28).

[3]   Again, Plaintiff concludes that the "nature and way [the attacks] occurred and were timed made it patently obvious that the attacker had obtained the Information from Collective 7 and was utilizing it as a roadmap for DDoS attacks." (*Id.* ¶ 35).

illegitimate traffic, thereby disrupting service and blocking access for legitimate users. (*Id.* ¶¶ 33–34). Such attacks negatively affected Plaintiff's relationships with "clients and potential clients" and resulted in "hundreds of cancellations of orders." (*Id.* ¶¶ 37–38).

Plaintiff brings this action against NordVPN and Collective 7, alleging violations of Florida's Computer Abuse and Data Recovery Act ("**CADRA**"), the Florida Uniform Trade Secrets Act ("**FUTSA**"), and tortious interference with business relationships. (Doc. 1). Defendants separately move to dismiss under Fed. R. Civ. P. 12(b)(6). (Docs. 16, 20).

## II.   STANDARD OF REVIEW

To survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

## III. DISCUSSION

Defendants advance four arguments in favor of dismissal: (1) Plaintiff's FUTSA claim fails to plead trade secrets with sufficient particularity; (2) FUTSA preempts the tortious interference and CADRA claims; (3) Plaintiff's tortious interference claim fails to allege identifiable business relationships; and (4) Plaintiff's CADRA claim does not allege any wrongdoing by NordVPN.[4] The Court disagrees, and therefore the Motions are due to be denied.

### A. Florida Uniform Trade Secrets Act

#### *1. Trade Secrets*

Count I asserts a cause of action for misappropriation of trade secrets. (Doc. 1, ¶¶ 40–46). FUTSA defines a trade secret as information that derives independent economic value from not being generally known and is subject to reasonable efforts to protect its secrecy. Fla. Stat. § 688.002(4). The existence of a trade secret is typically a question of fact. *See Grow Fin. Fed. Credit Union v. GTE Fed. Credit Union*, No: 8:17-cv-1239, 2017 WL 3492707, at *4 (M.D. Fla. Aug. 15, 2017). At the dismissal stage, a plaintiff "need only allege sufficient facts to plausibly show a trade secret was involved and to give the defendant notice of the material it claims constituted a trade secret." *DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 F. App'x 844, 848 (11th Cir. 2016) (per

---

[4] This final argument is exclusive to NordVPN. Collective 7's challenge to Plaintiff's CADRA claim rests solely on FUTSA preemption.

curiam).[5,6] "[C]ourts are in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets." *Innovative Strategic Commc'ns v. Viropharma, Inc.*, No. 8:11-cv-1838, 2012 U.S. Dist. LEXIS 108690, at *37 (M.D. Fla. Aug. 3, 2012) (quoting *Orthovita, Inc. v. Erbe*, No. 07-2395, 2008 U.S. Dist. LEXIS 11088, at *9 (E.D. Pa. Feb. 14, 2008)).

Plaintiff alleges that it developed and uses secret information to provide its VPN services and took reasonable efforts to protect its secrecy. (Doc. 1, ¶ 49). The Complaint asserts that Collective 7 obtained that information by exceeding their authorized access to Plaintiff's computer systems and then disclosed the information to NordVPN. (*Id.* ¶ 50). Furthermore, Plaintiff contends that a NordVPN employee confirmed to one of Plaintiff's contractors that NordVPN acquired Plaintiff's confidential and trade secret information. (*Id.* ¶ 22). This employee corroborated the assertion by giving specific examples of misappropriated information in NordVPN's possession. (*Id.* ¶ 27). Finally, Plaintiff claims that the "nature and way [the DDoS attacks] occurred and were timed made it patently obvious that the attacker had obtained the Information from Collective 7 and was utilizing it as a roadmap." (*Id.* ¶ 35). Collectively, these allegations indicate what trade secrets were stolen, how they were stolen, and how they were used. Plaintiff has provided adequate notice and created a plausible inference that Defendants improperly

---

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

[6] Defendants argue that Plaintiff has the burden to describe the alleged trade secrets with "reasonable particularity," but the Eleventh Circuit has indicated that this requirement does not apply until the parties proceed with discovery. *See DynCorp Int'l*, 664 F. App'x at 848.

obtained Plaintiff's trade secrets. Therefore, Plaintiff has sufficiently stated a claim for misappropriation of trade secrets under FUTSA.

### *2. Preemption*

FUTSA provides civil remedies for misappropriation of trade secrets and expressly displaces other causes of action that provide civil remedies for the same underlying conduct. Fla. Stat. § 688.008(1). However, FUTSA does not affect other civil remedies which are not based upon misappropriation of a trade secret. *Id.* § 688.008(2)(b). Florida case law is silent on the scope of the FUTSA preemption provision, but other federal district courts have held that "to pursue claims for additional tort causes of action where there are claims for misappropriation of a trade secret, there must be material distinctions between the allegations compromising the additional torts and the allegations supporting the FUTSA claim." *PB Legacy, Inc. v. Am. Mariculture, Inc.*, No. 2:17-cv-9, 2018 U.S. Dist. LEXIS 204892, at *6 (M.D. Fla. Dec. 4, 2018) (quoting *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 908 (M.D. Fla. 2007)). Thus, in making an ultimate judgment of whether Plaintiff's tortious interference and CADRA claims are displaced by FUTSA, "the issue becomes whether allegations of trade secret misappropriation alone comprise the underlying wrong[s]." *Allegiance Healthcare Corp. v. Coleman,* 232 F. Supp. 2d 1329, 1335–36 (S.D. Fla. 2002); *see also Audiology Distrib., LLC v. Simmons*, No. 8:12-cv-2427, 2014 WL 7672536, at *10 (M.D. Fla. May 27, 2014) (collecting cases).

At this stage of litigation, however, there has not yet been a determination regarding whether the allegedly misappropriated information constitutes trade secrets under Florida law. Without this determination, Plaintiff is permitted to maintain tortious interference and CADRA claims in the alternative. *Cf. Grow Fin. Fed. Credit Union*, 2017

WL 3492707, at *4; *Vacation Club Servs., Inc. v. Rodriguez*, No. 6:10-cv-247, 2010 WL 1645129, at *2 (M.D. Fla. Apr. 22, 2010).

  **B.** **Tortious Interference**

Under Florida law, "[t]he elements of tortious interference with a business relationship are (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship on the part of the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1279 (11th Cir. 2015) (internal quotations omitted). To satisfy the first prong, the plaintiff must allege more than a business relationship to "the community at large." *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994)). Specifically, "the plaintiff must prove a business relationship with identifiable customers." *Id.* (quoting *Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.*, 687 So. 2d 821, 821 (Fla. 1996)).

Here, the Complaint alleges that NordVPN used the confidential information improperly obtained by Collective 7 to execute DDoS attacks against Plaintiff's website. The website outages caused by these attacks resulted in "hundreds of cancellations of orders." (Doc. 1, ¶ 38). An order cancellation necessarily implies an existing, identifiable customer relationship. Therefore, Plaintiff's allegation that *hundreds* of such cancellations resulted from Defendants' tortious conduct is sufficient to state a claim for relief.

7

### C. Computer Abuse and Data Recovery Act

CADRA violations require unauthorized access to a "protected computer." Fla. Stat. § 668.802(6). Specifically, a defendant must either: 1) obtain information from a protected computer; 2) infect a protected computer; or 3) traffic in any "technological access barrier" (i.e., a password) through which access to a protected computer may be obtained. *Id.* § 668.803. The defendant must also act "knowingly and with intent to cause harm." *Id.*

Here, the Complaint alleges that NordVPN and Collective 7 acted in concert to obtain information from protected computers without authorization. Plaintiff contracted to receive hosting services from Collective 7. (Doc 1., ¶ 16). Unbeknownst to Plaintiff, "several members of Collective 7 were agents of NordVPN." (*Id.* ¶ 30). Collective 7 obtained confidential information without Plaintiff's consent, thereby exceeding its authorized access to Plaintiff's computer systems. (*Id.* ¶ 50). Collective 7 then shared this information with NordVPN, which NordVPN used to execute DDoS attacks against Plaintiff. (*Id.* ¶¶ 28, 35). Read together, these allegations establish a direct relationship between—and joint wrongdoing by—NordVPN and Collective 7. Therefore, the Complaint sufficiently pleads a cause of action under CADRA.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Tefincom S.A.'s Motion to Dismiss (Doc. 16) and Defendant Collective 7, Inc.'s, Motion to Dismiss (Doc. 20) are **DENIED**. Defendants shall answer the Complaint on or by September 24, 2019.

**DONE AND ORDERED** in Orlando, Florida on September 10, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties