IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VPNETWORKS, LLC d/b/a TORGUARD,

    Plaintiff,

vs.                                              Case No: 6:19-cv-01179-PGB-LRH

COLLECTIVE 7, INC., and TEFINCOM
S.A. d/b/a NORDVPN,

    Defendants.
_____/

## NORDVPN'S MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT COUNTERCLAIM

Pursuant to Federal Rules of Civil Procedure 15, Defendant Tefincom S.A. d/b/a NordVPN ("NordVPN") respectfully moves for leave to file an amended answer to assert a counterclaim[1] against Plaintiff TorGuard and its CEO, Benjamin Van Pelt. In support of this Motion, NordVPN states as follows:

1.    On June 26, 2019, TorGuard filed its Complaint against NordVPN. [Dkt. 1]. On September 24, 2019, NordVPN filed its Answer and Affirmative Defenses to TorGuard's Complaint. [Dkt. 34].

2.    On January 2, 2020, Gunter Yoakley & Stewart, P.A., was substituted as counsel for NordVPN. [Dkt. 43].

---

[1] NordVPN files this Motion subject to and without waiver of its pending motion to compel arbitration. The Counterclaim is also subject to binding arbitration, and NordVPN seeks to assert it in this lawsuit only to the extent that the Court denies NordVPN's pending Motion to Compel Arbitration and Stay Action. [Dkt. 35].

3. NordVPN respectfully requests leave to file its First Amended Answer and Counterclaim to TorGuard's Complaint, a copy of which is attached as **Exhibit A**.

4. The purpose of Rule 15 is to promote, where practicable and just, the complete adjudication of disputes between litigants. *See* Fed. R. Civ. P. 15; *Dudley v. Business Exp., Inc.*, 882 F. Supp. 199, 212 (D.N.H. 1994). Accordingly, "timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires." *St. Joseph Hosp. of Port Charlotte, FL., Inc. v. Cardinal Health Sols., Inc.*, 2:08-cv-943-FTM-29SPC, 2009 WL 10670024, at *1 (M.D. Fla. Apr. 20, 2009); *see also Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Group, Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted)).

5. "As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend." *Joseph Hosp.*, 2009 WL 10670024, at *1. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.' " *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001)

(quoting *Foman*, 371 U.S. at 182). "The mere passage of time," however, "is an insufficient reason to deny leave to amend." *Floyd v. Eastern Airlines, Inc.*, 872 F. 2d 1462, 1490 (11th Cir. 1989) *reversed on other grounds*, 499 U.S. 530 (1990); *see also Bryant v. Dupree*, 252 F. 3d. 1161 (11th Cir. 2001) ("The lengthy nature of litigation, without any other evidence of prejudice to defendants or bad faith on the part of plaintiffs, does not justify denying [leave to amend].").

6. There is no prejudice to the parties by permitting this amendment as there has not been any significant discovery in this case, NordVPN has acted diligently and in good faith, and its proposed counterclaim arises out of the same series of transactions and occurrences as those alleged in TorGuard's Complaint. Denial of the amendment will prejudice NordVPN, however, as it may be precluded from asserting its counterclaim in another case. *See* Fed. R. Civ. P. 13(a) (requiring that claims arising from the same transaction or occurrence be asserted as compulsory counterclaims).

7. Finally, this is the first time NordVPN has requested permission to amend its Answer, and its motion is timely filed before the expiration of the deadline to amend the pleadings. [*See* Dkt. 26 (setting January 31, 2020, as the deadline for moving to add parties or amend pleadings)].

WHEREFORE, Defendant NordVPN requests that the Court enter an Order granting it leave to amend its pleading and file the attached First Amended Answer and Counterclaim.

## Local Rule 3.01(g) Certification

Undersigned counsel hereby certifies that he has conferred with counsel for Plaintiff who opposes the relief requested herein.

Dated: January 31, 2020

        Respectfully submitted,

        *s/ Bradley R. Johnson*
        Bradley R. Johnson
        Florida Bar No. 709425
        Michael R. Freed
        Florida Bar No. 69205
        Preethi Sekharan
        Florida Bar No. 813591
        Pierce N. Giboney
        Florida Bar No. 124704
        **GUNSTER YOAKLEY & STEWART, P.A.**
        225 Water Street, Suite 1750,
        Jacksonville, Florida 32202
        (P): (904) 353-1980  (F): (904)-354-2170
        Email:  bjohnson@gunster.com
        Email:  mfreed@gunster.com
        Email:  psekharan@gunster.com
        Email:  pgiboney@gunster.com
        Email:  yarnold@gunster.com
        *Counsel for Tefincom S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel of record by the Court's CM/ECF system.

By: */s/ Bradley R. Johnson*