**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

VPNETWORKS, LLC
D/B/A TORGUARD,

        Plaintiff,

  v.

COLLECTIVE 7, INC., and TEFINCOM S.A.
D/B/A NORDVPN,

        Defendants.
_____/

CASE NO.:  6:19-cv-01179

**DEFENDANT COLLECTIVE 7 INC.'S ANSWER, DEFENSES AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant Collective 7, Inc. ("C7"), by and through its undersigned counsel, submits its answer, defenses and affirmative defenses to VPNETWORKS, LLC d/b/a Torguard's ("Torguard") Amended Complaint dated February 20, 2020 [DE-55] ("Complaint"), as follows:

**SUMMARY OF THE ACTION**

1. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 1 of the Complaint so C7 denies same and demands strict proof thereof.

2. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 2 of the Complaint so C7 denies same and demands strict proof thereof.

3. With regard to the allegations contained within paragraph 3 of the Complaint, C7 admits that it is an Ontario Business Corporation and previously provided services to Torguard. C7 denies the remaining allegations contained within paragraph 3 of the Complaint.

4. C7 denies the allegations contained within paragraph 4 of the Complaint.

5. With regard to the allegations contained within paragraph 5 of the Complaint, C7 denies that NordVPN obtained Torguard information from C7. C7 denies knowledge sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 5 of the Complaint so C7 denies same and demands strict proof thereof.

6. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 6 of the Complaint so C7 denies same and demands strict proof thereof.

7. With regard to the allegations contained within paragraph 7 of the Complaint, C7 admits that Torguard seeks the stated relief, but denies that Torguard is entitled to any relief against C7. C7 denies the remaining allegations contained within paragraph 7 of the Complaint.

**PARTIES**

8. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 8 of the Complaint so C7 denies same and demands strict proof thereof.

9. With regard to the allegations contained within paragraph 9 of the Complaint, C7 admits that it is an Ontario Business Corporation organized under the laws of Ontario, Canada with principal place of business in Ontario, Canada and previously provided services to Torguard. C7 denies the remaining allegations contained within paragraph 9 of the Complaint.

10. C7 denies the allegations contained within paragraph 10 of the Complaint.

11. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 11 of the Complaint so C7 denies same and demands strict proof thereof.

12. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 12 of the Complaint so C7 denies same and demands strict proof thereof.

13. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 13 of the Complaint so C7 denies same and demands strict proof thereof.

14. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 14 of the Complaint so C7 denies same and demands strict proof thereof.

15. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 15 of the Complaint so C7 denies same and demands strict proof thereof.

16. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 16 of the Complaint so C7 denies same and demands strict proof thereof.

17. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 17 of the Complaint so C7 denies same and demands strict proof thereof.

18. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 18 of the Complaint so C7 denies same and demands strict proof thereof.

19. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 19 of the Complaint so C7 denies same and demands strict proof thereof.

20. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 20 of the Complaint so C7 denies same and demands strict proof thereof.

21. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 21 of the Complaint so C7 denies same and demands strict proof thereof.

22. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 22 of the Complaint so C7 denies same and demands strict proof thereof.

**JURISDICTION AND VENUE**

23. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 23 of the Complaint so C7 denies same and demands strict proof thereof.

24. C7 denies the allegations contained within paragraph 24 of the Complaint.

25. C7 denies the allegations contained within paragraph 25 of the Complaint.

26. C7 denies the allegations contained within paragraph 26 of the Complaint.

**FACTUAL BACKGROUND**

27. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 27 of the Complaint so C7 denies same and demands strict proof thereof.

28. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 28 of the Complaint so C7 denies same and demands strict proof thereof.

29. With regard to the allegations contained within paragraph 16 of the Complaint, C7 admits that it contracted with Torguard. C7 denies the remaining allegations contained within paragraph 29 of the Complaint.

30. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 30 of the Complaint so C7 denies same and demands strict proof thereof.

31. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 31 of the Complaint so C7 denies same and demands strict proof thereof.

32. C7 denies the allegations contained within paragraph 32 of the Complaint.

33. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 33 of the Complaint so C7 denies same and demands strict proof thereof.

34. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 34 of the Complaint so C7 denies same and demands strict proof thereof.

35. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 35 of the Complaint so C7 denies same and demands strict proof thereof.

36. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 36 of the Complaint so C7 denies same and demands strict proof thereof.

37. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 37 of the Complaint so C7 denies same and demands strict proof thereof.

38. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 28 of the Complaint so C7 denies same and demands strict proof thereof.

39. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 39 of the Complaint so C7 denies same and demands strict proof thereof.

40. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 40 of the Complaint so C7 denies same and demands strict proof thereof.

41. C7 denies the allegations contained within paragraph 41 of the Complaint.

42. In response to the allegations contained within paragraph 42 of the Complaint, C7 admits that TorGuard improperly terminated its agreement with C7. C7 denies the remaining allegations contained within paragraph 42 of the Complaint.

43. C7 denies the allegations contained within paragraph 43 of the Complaint.

44. C7 denies the allegations contained within paragraph 44 of the Complaint.

45. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 45 of the Complaint so C7 denies same and demands strict proof thereof.

46. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 46 of the Complaint so C7 denies same and demands strict proof thereof.

47. C7 denies knowledge sufficient to form a belief as to the truth of the allegations contained within paragraph 47 of the Complaint so C7 denies same and demands strict proof thereof.

48. C7 denies the allegations contained within paragraph 48 of the Complaint.

49. C7 denies the allegations contained within paragraph 49 of the Complaint.

50. C7 denies the allegations contained within paragraph 50 of the Complaint.

51. C7 denies the allegations contained within paragraph 51 of the Complaint.

**COUNT I**
**VIOLATION OF FLORIDA COMPUTER ABUSE AND DATA RECOVERY ACT ("CADRA")**
*Against Defendants*

52. No responsive pleading is necessary.

53. C7 denies the allegations contained within paragraph 53 of the Complaint.

54. C7 denies the allegations contained within paragraph 54 of the Complaint.

55. C7 denies the allegations contained within paragraph 55 of the Complaint.

56. C7 denies the allegations contained within paragraph 56 of the Complaint.

57. C7 denies the allegations contained within paragraph 57 of the Complaint.

58. C7 denies the allegations contained within paragraph 58 of the Complaint.

59. C7 denies the allegations contained within paragraph 59 of the Complaint.

60. C7 denies the allegations contained within paragraph 60 of the Complaint.

61. C7 denies the allegations contained within paragraph 61 of the Complaint.

## COUNT II
## VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT ("FUTSA")
*Against Defendants*

62. No responsive pleading is necessary.

63. C7 denies the allegations contained within paragraph 63 of the Complaint.

64. C7 denies the allegations contained within paragraph 64 of the Complaint.

65. C7 denies the allegations contained within paragraph 65 of the Complaint.

66. C7 denies the allegations contained within paragraph 66 of the Complaint.

67. C7 denies the allegations contained within paragraph 67 of the Complaint.

68. C7 denies the allegations contained within paragraph 68 of the Complaint.

69. C7 denies the allegations contained within paragraph 69 of the Complaint.

70. C7 denies the allegations contained within paragraph 70 of the Complaint.

## COUNT III
## TORTIOUS INTERFERENCE WITH TORGUARD'S BUSINESS RELATIONSHIPS
*Against Defendants*

71. No responsive pleading is necessary.

72. C7 denies the allegations contained within paragraph 72 of the Complaint.

73. C7 denies the allegations contained within paragraph 73 of the Complaint.

74. C7 denies the allegations contained within paragraph 74 of the Complaint.

75. C7 denies the allegations contained within paragraph 75 of the Complaint.

76. C7 denies the allegations contained within paragraph 76 of the Complaint.

77. C7 denies the allegations contained within paragraph 77 of the Complaint.

78. C7 denies the allegations contained within paragraph 78 of the Complaint.

79. C7 denies the allegations contained within paragraph 79 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Court lacks personal jurisdiction over C7 because it did not commit torts in Florida. C7, a Canadian entity located in Canada, is not subject to general or specific personal jurisdiction in Florida.

2. C7 reserves the right to object to application of diversity jurisdiction once the citizenship of the other parties is revealed in discovery.

3. The case is barred because TorGuard has failed to identify the trade secrets and other confidential information at issue in this case. "In a trade secret action, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy." American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998) (interpreting definition of "trade secret" under the Florida Uniform Trade Secrets Act). A plaintiff has the burden to describe the alleged trade secret with reasonable particularity. Levenger Co. v. Feldman, 516 F.Supp.2d 1272, 1287 (S.D. Fla. 2007). Similarly, in an action for breach of contract, the plaintiff must allege how the defendant breached the contract. Behrman v. Allstate Ins. Co., 388 F. Supp. 2d 1346, 1352-53 (S.D. Fla. 2005) (dismissing contract claim where plaintiff failed to identify how defendants materially breached the contract).

4. Counts I and III are preempted. In Count II, TorGuard alleges a claim for misappropriation of trade secrets under the Florida Uniform Trade Secret Act, Fla. Stat. §§ 688.01, *et seq.* ("FUTSA"). Section 688.008 of the FUTSA provides that the FUTSA

"displace[s] conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Id. at § 688.008(1). Counts I (CADRA) and Count III (tortious interference) seek relief for the same conduct under Florida state law---misappropriation of the same unidentified trade secrets that allegedly led to disabling of TorGuard's website.

5. Count III (tortious interference with business relationships) fails as a matter of law because TorGuard did not allege protectable business relationships. "As a general rule, an action for tortious interference with a business relationship requires business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." Id. at 815. Indeed, the Florida Supreme Court has stated that "in order to establish the tort of tortious interference with a business relationship, the plaintiff must prove a business relationship with identifiable customers." Ferguson Transp., Inc. v. N. Am. Van Lines, Inc., 687 So.2d 821 (Fla.1996). Torguard's allegation of business relationships with its *current and potential customers* is insufficiently vague to meet the pleading standard. Coach Services, Inc. v. 777 Lucky Accessories, Inc., 752 F.Supp.2d 1271, 1273 (S.D. Fla. 2010) (allegation of relationship with "various customers" insufficiently identifiable to survive a motion to dismiss).

6. To the extent that Shiv Gautam engaged in tortious conduct, he did so outside the scope of any agency with C7.

WHEREFORE, C7 respectfully requests that the Court dismiss the Complaint with prejudice, award C7 its reasonable attorney's fees and costs incurred in the defense of this matter

pursuant to the statutes sued under and other applicable law and award C7 such further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: February 24, 2020 | *s/ Geoffrey M. Cahen* |
| | Geoffrey M. Cahen |
| | Fla. Bar No. 001339 |
| | CAHEN LAW, P.A. |
| | 1900 Glades Road, Suite 270 |
| | Boca Raton, FL 33432 |
| | Telephone: (561) 922-0430 |
| | E-Mail: geoff@cahenlaw.com |
| | |
| | *Attorney for Defendant Collective 7, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2020 a true and correct copy of the foregoing has been filed via CM/ECF to the parties on the below service list.

| | |
|---|---|
| ADAM C. LOSEY, ESQ. | RYAN THOMAS SANTURRI, ESQ. |
| Primary Email: alosey@losey.law | Email:  rsanturri@allendyer.com |
| KAREN L. MIDDLEKAUFF, ESQ. | |
| Primary Email: kmiddlekauff@losey.law | |
| LOSEY PLLC | ALLEN, DYER, DOPPELT & GILCHRIST |
| 1420 Edgewater Drive | 255 S. Orange Ave., #1401 |
| Orlando, Florida 32804 | Orlando, Florida  32801 |
| Phone: 407.906.1605 | Phone: 407.841.2330 |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant TEFINCOM S.A.* |
| | *D/B/A NORDVPN* |

Thomas McDermott, Esq.
901 NW 8th Avenue, Suite B-17
Gainesville FL 32601
E-mail: mcdermott.lawyer@gmail.com
*Attorney for Defendant Shivom Gautam*


Bradley R. Johnson, Esq.
Florida Bar No. 709425
Michael R. Freed, Esq.

    Florida Bar No. 69205
    Preethi Sekharan, Esq.
    Florida Bar No. 813591
    Pierce N. Giboney, Esq.
    Florida Bar No. 124704
    GUNSTER YOAKLEY & STEWART, P.A.
    225 Water Street, Suite 1750,
    Jacksonville, Florida 32202
    Email: bjohnson@gunster.com
    Email: mfreed@gunster.com
    Email: psekharan@gunster.com
    Email: pgiboney@gunster.com
    Email: yarnold@gunster.com
    *Counsel for Tefincom S.A.*

                                          */s/ Geoffrey M. Cahen*
                                          GEOFFREY M. CAHEN